UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Martin Swaringen, | ) C/A: 4:10-2825-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| Robert Ariail, Solicitor Greenville County; | ) |
| County Administrator, Greenville County; | ) |
| Director Dept. of Public Safety, Greenville County; | ) |
| Greenville County Detention Center; | ) |
| Scott Bodiford, Jail Administrator; | ) |
| Director, Home Incarceration Program 11/03/08 - 11/30/09; | ) |
| Corporal Whitner; Corporal Childress; Corporal Cook; | ) |
| Greenville County Solicitor's Office; | ) |
| James Dorriety, Ass. County Administrator, Dept. of Public | ) |
| Safety; | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Joseph Martin Swaringen (Plaintiff), proceeding *pro se* and *in forma pauperis*, brings this
civil rights action against Defendants, seeking compensatory and punitive damages and declarative
and injunctive relief, pursuant to 42 U.S.C. § 1983,[1] for alleged violations of his rights while he was
a pretrial detainee in the Greenville County Detention Center, in Greenville, South Carolina.
Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through
which Congress provided a private civil cause of action based on allegations of federal
constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*,
476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the
badge of their authority to deprive individuals of their federally guaranteed rights and to provide
relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To
state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual
defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v.
Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

1

undersigned United States Magistrate Judge is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

The Amended Complaint is subject to partial summary dismissal, without prejudice and without issuance and service of process, as to all Defendants except Scott Bodiford, Jail Administrator; Corporal Whitner, Corporal Childress, and James Dorriety, Ass. County Administrator, Dept. of Public Safety. As to the other Defendants, *i.e.* Robert Ariail, Solicitor Greenville County; County Administrator, Greenville County; Director Dept. of Public Safety, Greenville County; Greenville County Detention Center; Director, Home Incarceration Program 11/03/08 - 11/30/09; Corporal Cook; and Greenville County Solicitor's Office, Plaintiff's Amended Complaint should be dismissed because it is frivolous, fails to state a claim on which relief may be granted by this Court, and/or seeks monetary relief against a Defendant who is immune from such relief.

### *Pro Se* **and** *In Forma Pauperis* **Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr*., 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Amended Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against

possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2] Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's Amended Complaint to identify plausible claims or to dismiss the Amended Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)(per curiam). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably

---

[2] This lawsuit is considered a prisoner case because, at the time Plaintiff filed his Complaint and Amended Complaint, Plaintiff was incarcerated in the Greenville County Detention Center. Whether a plaintiff is incarcerated at the time he filed a lawsuit is determinative of whether the PLRA applies. *See Cofield v. Bowser*, 247 Fed. Appx. 413, 2007 WL 2710423 (4th Cir. Sept. 14, 2007).

3

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### Background

Plaintiff filed his original Complaint, Motion to Proceed *in forma pauperis*, and Motion to Appoint Counsel, on November 3, 2010, while in custody as a pretrial detainee in the Greenville County Detention Center, in Greenville, South Carolina. ECF No. 1-3. On November 12, 2010, Plaintiff filed a letter asking the Court to return his original Complaint and send him proper court forms so that he could file a proper complaint. ECF No. 6. By Order dated December 1, 2010, Plaintiff's Motion to Proceed *in forma pauperis* was granted, his Motion to Appoint Counsel was denied, and he was given a specific time frame in which to file an Amended Complaint and provide service documents for Defendants, so as to bring the case into proper form. ECF No. 12. Plaintiff filed his proposed Amended Complaint and proposed service documents, on December 14, 2010, in compliance with the Court's Order. ECF No. 16. On December 20, 2010, Plaintiff filed a Motion for Reconsideration of the Order denying his Motion to Appoint Counsel. ECF No. 18. The Court denied Plaintiff's Motion for Reconsideration, on December 21, 2010. ECF No. 19. Plaintiff filed

a Notice of Change of Address, on February 11, 2011, after he was released from custody. ECF No. 22. Plaintiff's Amended Complaint was docketed on April 27, 2011. ECF No. 26.

Plaintiff's Amended Complaint alleges that he was falsely imprisoned and maliciously prosecuted, first in November 2008, when Defendants unlawfully forced him to enroll in the home incarceration program before allowing him to be released from the Greenville County Detention Center, even though such a special condition had not been included in his order for release on bond. Defendants then issued a bench warrant charging Plaintiff with failure to comply with the conditions of his bond and caused Plaintiff to be arrested and confined for approximately three weeks, in late November and early December 2008, until his bail was reinstated at a bond revocation hearing. Plaintiff alleges that, after this bond hearing, Defendants again forced him to enroll in the home incarceration program "under extreme duress" prior to his second release, although Plaintiff's enrollment in the program had never been ordered by the court. Plaintiff alleges that, following his second release on bond, Defendants engaged in multiple acts of *ex parte* communication with the court, falsely claiming an order of enrollment and, once again, obtained a bench warrant that caused Plaintiff to be arrested. On January 22, 2009, Plaintiff's bond was revoked for failure to comply with conditions of bail and Plaintiff was again confined in the Greenville County Detention Center, without bail, from January 17, 2009 until November 30, 2009.

Plaintiff specifically alleges that, prior to his first release on bond, he was unlawfully forced to enroll in the home detention program, and

> Corporal Childress informed me that if I did not submit to enrollment in the home incarceration program I would not be released [and] she did not care what the release order stated. Personally and in her capacity as a county employee Corporal Childress violated my constitutional rights [and] liberty interest. The other listed defendants by their actions or lack of following this became a party to this both personally and in their official capacities.

5

ECF No. 26, p. 3.

Plaintiff alleges that "on 11/5/08 (or close to it) I was informed by Corporal Whitner that she was issuing a bench warrant for 'failure to comply with conditions of bail'" and that, following his second release on bond, it was Corporal Whitner who engaged in *ex parte* communications with the Court and "falsely claim[ed] an order of enrollment" that led to Plaintiff's second arrest. ECF No. 26, p. 3. Plaintiff alleges that, at his bond revocation hearing, held via video court on January 22, 2009, Corporal Whitner "openly asserted that an order of enrollment had been issued." ECF No. 26, p. 4. Plaintiff alleges that

> James Dorriety and Scott Bodiford, as the directors of the jail and Department of Public Safety, refused to address this matter when I brought it to their attention, supporting the false claim of an enrollment order. Mr. Scott Bodiford wrote Judge Patterson requesting the bench warrants specifically citing an 'order of enrollment.'

ECF No.26, p. 4. Plaintiff further alleges

> I addressed this issue to the Solicitor's Office in the person of Mr. Robert Ariail, Solicitor. Personally and in his official capacity he aided/abetted in the denial of my constitutional rights. Mr. Ariail is, as the Solicitor, personally and officially responsible for the actions or lack of by his staff. The Solicitor's Office controls the court docket in South Carolina. I was denied my right to be heard in this "Motion to be Heard" filed pro se [on] 8/10/09.

ECF No. 26, p. 4. Plaintiff alleges, finally, that "Corporal Childress['] initial act violated my constitutional rights and the other defendants became a party to this by the continuation of the matter. I was enrolled/signed because of extortion, not once but twice. No order placing me on house arrest exists subsequent to 11/03/08." ECF No. 26, p. 4.

**Discussion**

6

As a threshold matter, a claim for relief under 42 U.S.C. § 1983, as noted above, must sufficiently allege that the plaintiff was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." Several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "medical staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb. 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. June 20, 1991). Defendant Greenville County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983 in this case. Accordingly, as to Defendant Greenville County Detention Center, Plaintiff's Amended Complaint is frivolous and fails to state a claim on which relief may be granted by this Court, and should be summarily dismissed.

7

Under § 1983, both counties and cities are considered to be a municipalities, thus Greenville County is considered to be a municipality in this case.  The Greenville County defendants in this case, *i.e.* the County Administrator of Greenville County; the Director of the Department of Public Safety of Greenville County; and the Director of the  Home Incarceration Program of Greenville County are officials of agencies and integral parts of Greenville County, under § 1983.  Pursuant to *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658, 694 (1978), a municipality may be liable under § 1983 for the violation of a plaintiff's constitutional rights, but "only where the constitutionally offensive actions of employees are taken in furtherance of some municipal 'policy or custom.'"  *See Board of County Commissioners v. Brown*, 520 U.S. 397, 403 (1997)(quoting *Monell*, 436 U.S. at 694);  *Milligan v. City of Newport News*, 743 F.2d 227, 229 (4th Cir.1984). "The doctrine of *respondeat superior* generally is inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of employees, absent an official policy or custom which results in illegal action."  *Monell*, 436 U.S. at 694; *Fisher v. Washington Metro. Area Transit Auth.*, 690 F.2d 1133, 1142-43 (4th Cir.1982).  Thus, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy, or custom that caused the plaintiff's injury.

In the instant case, Plaintiff's Amended Complaint makes specific factual allegations that the individual Defendants who are affiliated with the Greenville County Detention Center, *i.e.* Scott Bodiford, Jail Administrator; Corporal Whitner, Corporal Childress, and James Dorriety, Assistant County Administrator, of the Department of Public Safety, personally committed acts that allegedly violated Plaintiff's constitutional rights.  However, Plaintiff's Amended Complaint makes no factual allegations of any policy, custom, or practice of Greenville County, its agencies, or the agency

8

officials who are also named as Defendants in this case. Assuming that the facts alleged in the Amended Complaint are true, Plaintiff makes no specific factual allegations that the County Administrator of Greenville County, the Director of Greenville County's Department of Public Safety, and the Director of Greenville County's Home Incarceration Program maintained a policy or custom that resulted in the alleged violation of Plaintiff's civil rights or that they were aware of the alleged illegal actions against Plaintiff and were deliberately indifferent to those alleged actions. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully."  *Id.*  It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief.  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)(quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557).  Because Plaintiff's allegations fail to state a plausible *Monell* claim, Plaintiff's Amended Complaint, as against Defendants the County Administrator of Greenville County, the Director of Greenville County's Department of Public Safety, and the Director of Greenville County's Home Incarceration Program, is frivolous and fails to state a claim for which  relief may be granted by this Court.  *See Walker v. Prince George's Cnty.*, 575 F.3d 426, 431 (4th Cir. 2009)(citing *Semple v. City of Moundsville*, 195 F.3d 708, 712 (4th Cir. 1999)).  Consequently, the Amended Complaint should be summarily dismissed as against Defendants County Administrator, Greenville County; Director Dept. of Public Safety, Greenville County; and Director, Home Incarceration Program 11/03/08 - 11/30/09.

As to Defendants Robert Ariail, Solicitor of Greenville County,[3] and the Greenville County Solicitor's Office, in South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* S.C. Const., art. V, § 24; S.C. Code Ann, § 1-7-310. Solicitors are elected by voters of a judicial circuit and have absolute immunity for their prosecution-related activities in or connected with judicial proceedings, when acting as "an officer of the court" as opposed to when engaging in investigative or administrative tasks. *See Van de Kamp*, 129 S.Ct at 861. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the Solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings.[4] *See Van de Kamp v. Goldstein,* _ U.S. _ , 129 S.Ct. 855 (2009)(absolute immunity applies when a prosecutor is involved in supervision or training of prosecutors or management of a trial-related information system); *Kalina v. Fletcher,* 522 U.S. 118 (1997)(absolute immunity applies when a prosecutor appears in court to present evidence in support of a search warrant application, but not when a prosecutor acts as a complaining witness in support of a warrant application)*; Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(absolute immunity does not apply when a prosecutor fabricates evidence during the preliminary investigation of an unsolved crime or makes false statements to the press); *Burns v. Reed*, 500 U.S. 478 (1991)(absolute

_____

[3] Plaintiff describes Mr. Ariail as "Solicitor, Greenville County; he is actually the Solicitor of South Carolina's Thirteenth Judicial Circuit, which includes Greenville and Pickens Counties.

[4] Moreover, prosecutorial immunity extends to the direct appeal and the post-conviction case. *See Carter v. South Carolina,* C/A No. 6:99-3876-AOAK,1999 U.S. Dist. LEXIS 21930 at *14 (D.S.C. Dec. 7, 1999); *Bruce v. Wade*, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979)(prosecutorial immunity extends to appeals). *Cf. Lowe v. Letsinger*, 772 F.2d 308, 314-315 & n. 7 (7th Cir. 1985); and *Houston v. Partee*, 978 F.2d 362, 365-369 & nn. 3-4, (7th Cir. 1992).

immunity applies when a prosecutor prepares to initiate a judicial proceeding, but not when a prosecutor gives advice to police during a criminal investigation); *Imbler v.Pachtman*,424 U.S. 416 (1976)(absolute immunity applies to a state prosecutor, acting within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the state's case, despite allegations that he knowingly used perjured testimony, deliberately withheld exculpatory information, and failed to make full disclosure of all facts casting doubt upon the state's testimony); *Dababnah v. Keller-Burnside,* 208 F.3d 467 (4th Cir. 2000)(absolute immunity applies when a prosecutor seeks a defendant's extradition and requests a court order to secure the defendant's property); *Carter v. Burch,* 34 F.3d 257 (4th Cir. 1994)(absolute immunity applies when a prosecutor is alleged to have withheld exculpatory evidence and conspired to present false testimony during trial); *Hart v. Jefferson County*, Civil No. 94-655-FR, 1995 U.S. Dist. LEXIS 147437 (D. Ore. June 15, 1995)(allegations by plaintiff of malicious motives on the part of a prosecutor are insufficient to overcome absolute prosecutorial immunity for all of the acts done in his official capacity). Absolute immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process. *Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004). Plaintiff makes the conclusory allegation that "the Solicitor's Office controls the court docket in South Carolina. I was denied my rights to be heard in this "Motion to be Heard" filed pro se [on] 08/10/09." ECF No. 26, p. 4. It is clear that the allegations against Defendants Ariail and the Greenville County Solicitor's Office are based on Mr. Ariail's and his staff's performance of prosecutorial activities as advocates and officers of the court

11

in Plaintiff's criminal cases.[5]  Thus, it is also clear that absolute prosecutorial immunity applies and

bars Plaintiff from bringing this case against Defendant Arial.

Even if absolute prosecutorial immunity did not bar Plaintiff's suit against Defendant Ariail

and his staff, Plaintiff's Amended Complaint is subject to dismissal, under *Hafer v. Melo*, 502 U.S.

21 (1991) and *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989), because state officers sued

for damages under § 1983 in their official capacities are not "persons" for purposes of the suit, since

they assume the identity of the government that employs them.[6]  In *Hafer*, the United States

Supreme Court noted that a suit against a state official in his official capacity should be treated as

a suit against the State.  *Hafer*, 502 U.S. at 25.  The court stated that "official-capacity suits

'generally represent only another way of pleading an action against an entity of which an officer is

---

[5]  Additionally, the Greenville County Solicitor's Office cannot be held responsible for actions taken by the Municipal Court for the City of Greenville, the Magistrate's Court for Greenville County, and the Court of General Sessions (Circuit Court) for Greenville County.  It can be judicially noticed that, in South Carolina, a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973.  *See* Act No. 58, 1973 S.C. Acts 161; Article V, Section 1 of the Constitution of the State of South Carolina; and  *State ex rel. McLeod v. Civil and Criminal Court of Horry County*, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).  Under the current version of Article V, Section 1, the Supreme Court of South Carolina, not the City of Greenville or Greenville County, retains the *sole* authority to supervise magistrate's courts in Greenville County, municipal courts in the City of Greenville, and the Circuit Court for Greenville County.  *See Spartanburg County Dept. of Social Services v. Padgett*, 296 S.C. 79, 370 S.E.2d 872, 875-876 & n. 1 (1988).  Article V, § 1 of the South Carolina Constitution mandates a unified judicial system.  Section 4 of the Judicial Article designates the Chief Justice of this Court as the administrative head of the unified judicial system and directs that this Court make rules governing the administration of all courts in this state.  Further, this section provides that this Court shall promulgate rules governing practice and procedure in all courts subject to the statutory law.

[6]  State officials are considered "persons" within the meaning of § 1983 when sued in their individual capacities and may be held personally liable for damages under § 1983 for their official actions, unless they have immunity from suit because they are carrying out legislative or judicial functions.  *See Hafer v. Melo*, 502 U.S. 21, 31 (1991).

an agent.'" *Id.* (quoting *Kentucky v. Graham*, 473 U.S. 159 (1985)). A defendant who is sued in an

official capacity action is entitled to the immunities that the governmental entity possesses. This

District Court has previously held that a Circuit Solicitor is a state official and a Circuit Solicitor's

Office is an integral part of the State of South Carolina and, as such, both are immune from a suit

for damages under the Eleventh Amendment to the United States Constitution.[7]  *See Olszowy v.*

*Schmutz*, C.A. No. 9:09-01662-PMD-BM, 2009 U.S. Dist. LEXIS 102222 at *14 (D.S.C. Nov. 3,

2009)(the Ninth Judicial Circuit Solicitor's office is an integral part of the State of South Carolina

and is immune from a § 1983 suit under the Eleventh Amendment)(citing *Williams v. State of South*

*Carolina*, C/A No. 0:06-2590-CMC-BM Report & Recommendation (D.S.C. Nov. 13, 2006)

adopted and incorporated by reference in *Williams v. State of South Carolina*, 2006 U.S. Dist.

LEXIS 93287 (D.S.C. Dec. 22, 2006))(since the Third Judicial Circuit Solicitor's Office is an

integral part of the State of South Carolina, it also has Eleventh Amendment immunity). Here,

---

[7]  The Eleventh Amendment forbids a federal court from rendering a judgment against an
unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663
(1974). Although the language of the Eleventh Amendment does not explicitly prohibit a citizen
of a state from suing his own state in federal court, the United States Supreme Court in *Hans v.*
*Louisiana*, 134 U. S. 1 (1890), held that the purposes of the Eleventh Amendment, *i.e.* protection
of a state treasury, would not be served if a state could be sued by its citizens in federal court.
The Eleventh Amendment also bars this Court from granting injunctive relief against the State or
its agencies. *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*,
517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question
whether the suit is barred by the Eleventh Amendment"). State agencies and state
instrumentalities share this immunity when they are the alter egos of the state. *See Regents of*
*the University of California v. Doe,* 519 U.S. 425, 429 (1997). While the United States Congress
can override Eleventh Amendment immunity through legislation, Congress has not overridden
the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332,
343 (1979). In addition, a state may consent to a suit in a federal district court. *See Pennhurst*
*State School & Hospital v. Halderman*, 465 U.S. 89, 99 & n. 9 (1984). However, S.C. Code
Ann. 15-78-20(e) expressly provides that the State of South Carolina does not waive Eleventh
Amendment immunity, consents to suit only in a court of the State of South Carolina, and does
not consent to suit in a federal court or in a court of another state.

Plaintiff's Amended Complaint, insofar as it asserts claims against Solicitor Ariail and the Greenville County Solicitor's Office, is also barred by the Eleventh Amendment to the United States Constitution.[8]

As to Defendant Corporal Cook, a careful review of Plaintiff's Complaint and Amended Complaint reveals that there are no allegations of any kind, much less of personal wrongdoing, against any person named Corporal Cook. Since Plaintiff makes for no factual allegations whatsoever of any wrongdoing on the part of Defendant Corporal Cook, Plaintiff's Amended Complaint is frivolous, fails to state a claim on which relief may be granted by this Court, and should be summarily dismissed, as against Defendant Corporal Cook.

## Recommendation

Accordingly, it is recommended that the Amended Complaint be partially dismissed, without prejudice and without issuance and service of process, as to the following Defendants: Robert Ariail, Solicitor Greenville County; County Administrator, Greenville County; Director Dept. of Public Safety, Greenville County; Greenville County Detention Center; Director, Home Incarceration Program 11/03/08 - 11/30/09; Corporal Cook; and Greenville County Solicitor's Office. *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70. (4th Cir. 1983); *see also* 28 U.S.C. § 1915(e)(2)(B). The Complaint should be served on the following Defendants: Scott Bodiford, Jail Administrator; Corporal Whitner; Corporal Childress; and James Dorriety, Ass. County Administrator, Dept. of Public Safety.

---

[8] *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

14

Plaintiff's attention is directed to the important notice on the next page.


                                                         s/Thomas E. Rogers, III
                                                          Thomas E. Rogers, III
                                                          United States Magistrate Judge

April 28, 2011
Florence, South Carolina

15

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).