UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Joseph Martin Swaringen, | ) C/A No. 4:10-2825-RBH-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Scottie Bodiford, Jail Administrator; Corporal Whitner; Corporal Childress; and James Dorriety, Ass. County Administrator, Dept. Of Public Safety, | ) ) ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## **PROCEDURAL BACKGROUND**

The Plaintiff, Joseph Martin Swaringen ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on November 3, 2010, alleging violations of his constitutional rights. During the time of the matters alleged in his complaint, Plaintiff was housed at the Greenville County Detention Center (GCDC). Defendants filed a motion for summary judgment on September 15, 2011, along with a memorandum and exhibits in support of said motion. (Document #52). Because Plaintiff is proceeding pro se, he was advised on or about September 16, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the Defendants' motion for summary judgment could result in the dismissal of his complaint. The Plaintiff filed a response in opposition to the motion for summary judgment on October 20, 2011. (Doc.#56).

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

1

## DISCUSSION

### ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

Plaintiff files this § 1983 action alleging that, prior to his arrest on the charges for which he is currently detained, Defendants falsely arrested and detained him for failing to comply with conditions of bail. According to Plaintiff, this was based on the erroneous or intentional misrepresentations of several members of the GCDC staff and the solicitor's office that a special condition of his release was that he be enrolled in Greenville County's Home Incarceration Program ("HIP"). Plaintiff claims that no such condition was placed upon him by the judge who set his bond, and no such condition was included in his release order signed by the judge. Nevertheless, he was forced by GCDC personnel to enroll in the HIP program before being allowed to leave the GCDC.

Defendants filed a motion for summary judgment along with an affidavit, exhibits, and a memorandum in support.

### STANDARD FOR SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to

judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324 (Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves). Rather, the party must present evidence supporting his or her position through "depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any." Id. at 322; see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**MERITS/ANALYSIS**

As previously discussed, Plaintiff alleges that he was placed on home electronic monitoring by the employees at GCDC when that was not a condition of his release. In his response to the motion for summary judgment, Plaintiff argues that the Defendants have ignored the issue central to this case "that the Plaintiff was denied his constitutionally guaranteed liberty by the deliberate acts of and/or gross negligence of, the Defendants. By his unlawful, forced enrollment in the Home Incarcerated Program (HIP) and eventual revocation of his bail/bond, for a period totaling in excess of 1 year." (Doc. #56).

Defendants submitted the affidavit of Scotty Bodiford who attests that he is employed by Greenville County as the Jail Administrator for the GCDC. (Bodiford's affidavit, doc. #52-2). Bodiford attached copies of Plaintiff's Booking Record at GCDC, an October 6, 2008, Commitment Order entered by a magistrate judge, an October 8, 2008, Commitment Ordered entered by Magistrate Judge Gaybriel Gibson, and an Order entered by Circuit Court Judge Larry R. Patterson on December 12, 2008, all of which are maintained as business records by GCDC. (Id.). Bodiford attests that the copies are true and accurate copies of the records as they appear in GCDC's files. (Id.).

Bodiford attests that Plaintiff was initially booked at GCDC on October 6, 2008, following his arrest on three counts of forgery. (Id.). Magistrate Judge Gibson signed a Commitment Order on October 8, 2008, in which she required that Plaintiff be placed in the HIP as a condition of his release from GCDC custody. (Id.). Plaintiff protested the HIP requirement, but on November 3, 2008, GCDC released Plaintiff from custody with the electronic monitoring system for HIP in place. Plaintiff returned to GCDC on November 22, 2008, following his arrest for failure to comply with the HIP requirements. (Id.). On December 12, 2008, Circuit Court Judge Larry R. Patterson signed an order requiring Plaintiff to submit to HIP as a condition of his release. (Id.). GCDC released

Plaintiff on December 15, 2008, after re-enrolling him in HIP. (Id.). On January 17, 2009, Plaintiff returned to the GCDC following his second arrest for failure to comply with the HIP requirements. (Id.). Bodiford attests that at all times relevant to the lawsuit filed by Plaintiff, Plaintiff's release was conditioned on his enrollment in and compliance with HIP as required by Judge Gibson in the October 8, 2008, Commitment Order and by Judge Patterson in his December 12, 2008, Order. (Id.).

Based on Judge Gibson's Commitment Order dated October 8, 2008, she ordered that "Defendant must be placed on HIP Program when released from these charges." (Doc. #52-3, p. 4). On December 12, 2008, Judge Patterson issued an order that Plaintiff be reinstated to the HIP program as ordered on November 3, 2008. (Doc. #52-3, p. 5). Plaintiff argues that he was in GCDC and released on bail on November 3, 2008, but that being placed in the HIP on that date was not part of the conditions for his release. However, the original Commitment Order signed by Judge Gibson included the condition that he be placed on the HIP program when released from the charges. Therefore, there is no indication that this restriction was dismissed or that the employees of GCDC were informed that Plaintiff was no longer required to be placed in the HIP program.

Plaintiff has failed to meet his burden of proving the named Defendants personally caused a deprivation of his constitutional rights. Plaintiff has failed to show that he had a constitutional right to be released without being placed in the HIP restriction because it was ordered as a condition of his release by the courts. The employees at GCDC were following the orders of the court. Therefore, it is recommended that Defendants' motion for summary judgment be granted and this action dismissed.

## QUALIFIED IMMUNITY

Defendants argue that they are entitled to qualified immunity pursuant to Harlow v. Fitzgerald, 457 U.S. 800 (1982). Defendants assert Plaintiff has failed to present evidence of specific

conduct attributable to the Defendants that violated a specific clearly established right. Defendants contend Plaintiff has challenged GCDC's failure to release him after he satisfied the financial condition of his bail when he refused to comply with the requirements of the electronic monitoring as imposed by the court. Defendants assert they did not have the authority to release Plaintiff when he was in violation of the Court's Commitment Order of October 8, 2008. Defendants argue as employees at GCDC, they could not release Plaintiff until he complied with the requirements regarding HIP monitoring. Defendants assert there is no evidence to support the condition that a reasonable person in any GCDC employee's position "would have known that refusing to release the Plaintiff unless he complied with the Court-ordered electronic monitoring restriction violated the Plaintiff's rights" and that any GCDC employee would have had to conclude that the Courts' order governed Plaintiff's release.

When a person is sued in his individual capacity, the court may consider whether that person is entitled to immunity from suit. Immunity is a defense to be asserted by the defendant and the burden of proving entitlement to immunity rests with the defendant asserting it. Once asserted, however, the court should carefully consider whether the person is entitled to either absolute immunity (judicial and quasi-judicial, legislative) or qualified immunity.

> The doctrine of qualified immunity attempts to reconcile two potentially conflicting principles: the need to deter government officials from violating an individual's federal civil rights and the need for government officials to act decisively without undue fear of judicial second guessing.

Akers v. Caperton, 998 F.2d 220, 225-26 (4th Cir. 1993).

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether defendant is protected by this immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct

6

> does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

In a discussion of qualified immunity, the Court of Appeals for the Fourth Circuit stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994) (internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, the Plaintiff fails to show that the Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities. Thus, the undersigned recommends that the Defendants' motion for summary judgment be granted on this issue.

## **INJUNCTIVE RELIEF**

On January 11, 2011, Plaintiff filed a motion entitled "Motion for Emergency Relief." (Doc. #71). In this motion, Plaintiff requests an order compelling the Defendants to provide him an adequate law library or the assistance of a person trained in the law. Plaintiff asserts that there is no meaningful law library access at the GCDC. Defendants filed a response in opposition asserting that the motion is really a motion to amend his complaint to add a new cause of action for denial of

access to courts. Defendants argue that Plaintiff did not allege a cause of action for lack of access in his pleadings and the time for amending the complaint expired on July 5, 2011, pursuant to the courts scheduling order. To the extent Plaintiff is seeking to amend his complaint to add a new cause of action, the motion should be denied as it is outside the deadline set forth in the scheduling order. As this motion is deemed a motion for injunctive relief, it should be deemed moot. Plaintiff filed a notice of change of address (doc. #79) with the court on March 15, 2012, and is no longer housed at the GCDC. Claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition complained of. <u>Williams v. Griffin</u>, 952 F.2d 820, 825 (4th Cir. 1991); <u>Ross v. Reed</u>, 719 F.2d 689, 693 (4th Cir. 1983).

## **CONCLUSION**

Based on the above reasoning, it is RECOMMENDED that Defendants motion for summary judgment (document #52) be GRANTED and this claim dismissed.

It is FURTHER RECOMMENDED that all other outstanding motions be deemed MOOT.

Respectfully Submitted,

<u>s/Thomas E. Rogers, III</u>
Thomas E. Rogers, III
March <u>26</u>, 2012           United States Magistrate Judge
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

8